UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA M. FRAZIER,<br>   Plaintiff,<br> v.<br>AMERICAN CREDIT RESOLUTION, INC.,<br>   Defendant. | Case No. 18-cv-07729-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br>Re: Dkt. No. 26 |

## I. INTRODUCTION

Gordon Rees Scully Mansukhani, LLP ("GRSM") seeks to withdraw as counsel for Defendant American Credit Resolution, Inc. ("ACR") on the grounds that the attorney-client relationship has deteriorated and ACR has breached its contractual obligations and otherwise made it unreasonably difficult for GRSM to carry out its representation effectively. Mot., ECF No. 26. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 8, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motion for the following reasons.

## II. BACKGROUND

Plaintiff Joshua Frazier filed this case on December 26, 2018, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. Compl., ECF No. 1. ACR retained GRSM to defend it and GRSM attorney Allison Jean Fernandez appeared on ACR's behalf. Kappas Decl. ¶ 3, ECF No. 26-1. After the parties tentatively reached an agreement to resolve the matter, Frazier's counsel filed a Notice of Settlement. ECF No. 21. Shortly thereafter, Fernandez left GRSM and Angelo Kappas took over as counsel, attempting to facilitate communications with

1 ACR regarding compliance with the settlement agreement. Kappas Decl. ¶ 3. However, despite
2 keeping ACR apprised of the case status and relevant deadlines, GRSM did not receive any
3 communication from ACR in the weeks leading up to this motion. *Id.* At present, ACR is
4 "essentially incommunicado" and GRSM has been unable to secure its cooperation with the terms
5 of the parties' agreement. *Id.* ¶¶ 3-5. Further, although ACR agreed to pay GRSM's legal fees
6 and expenses, it has failed to pay counsel for the majority of work performed this year. *Id.* ¶ 2.

GRSM filed the present motion on June 25, 2019. It provided notice of the motion to ACR both prior to and after its filing. *Id.* ¶ 6.

### III. LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 1.16 provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation.

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)). "When addressing a motion to withdraw, the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Before withdrawal is permitted, counsel must comply with California Rule of Professional

Conduct 1.16(d), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e) (regarding the return of all client materials and property), and complying with all other applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

## IV. DISCUSSION

The Court finds good cause exists to permit GRSM's withdrawal. California Rules of Professional Conduct 1.16(b)(4)-(5) state that a lawyer may withdraw from representing the client if:

> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable* warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation[.]

There is no question that ACR has made it unreasonably difficult for GRSM to carry out its representation given that it has stopped communicating with GRSM on any matters regarding this case. *See Garcia v. Zavala*, 2019 WL 2088478, at *3 (N.D. Cal. May 13, 2019) (permitting withdrawal where client's failure to communicate with attorney made it "unreasonably difficult to carry out representation."); *Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694 *3 (S.D. Cal. Feb. 13, 2008) (same). Further, ACR has failed to pay counsel for most of the work performed this year. Failure to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw. *See Garcia*, 2019 WL 2088478, at *3 (granting motion to withdraw in part because defendant failed to replenish counsel's retainer and "counsel is essentially working for free");

*Stewart v. Boeing Co.*, 2013 WL 3168269, *2 (C.D. Cal. Jun. 19, 2013) (permitting unpaid attorney to withdraw even though no substitute counsel had been retained and stating "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation."); *see also* Cal. R. of Prof'l Conduct 3-700(C)(1)(f) (permitting withdrawal if the client "breaches an agreement or obligation to the member as to expenses or fees").

As to the remaining factors, GRSM has taken reasonable steps to avoid foreseeable prejudice to ACR in that it provided continuous updates regarding the status of this case and provided sufficient notice of its intent to withdraw. Kappas Decl. ¶¶ 5-6. There are no pending motions aside from this one and the Court recently granted the parties' stipulation to extend the deadline to file a dismissal to allow for more time to finalize the settlement agreement. ECF No. 28. Accordingly, the Court finds leave to withdraw is appropriate in these circumstances.

However, it is not clear that GRSM informed ACR that it must retain new counsel in order to continue to prosecute this action insofar as business entities can only appear through licensed counsel. *See* Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted); *Bourbeau v. Cognitive Code Corp.*, 693 F. App'x 499, 503 (9th Cir. 2017) (affirming district court's dismissal based on corporation's failure to retain counsel). Accordingly, the Court shall grant GRSM's motion, on the condition that it remain counsel of record in ECF for forwarding purposes until ACR retains substitute counsel as provided by Civil Local Rule 11-5(b).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** GRSM's motion to withdraw as counsel for ACR on the condition that it shall continue to serve all papers from the Court and Frazier on ACR for forwarding purposes until ACR files a substitution of counsel. For all such documents, GRSM shall e-file proof of service. No chambers copy is required.

As ACR may not appear without counsel, it shall file substitution of counsel by August 29,

4

2019. If ACR has not filed substitution of counsel by that date, Frazier may request the Clerk enter its default pursuant to Federal Rule of Civil Procedure 55(a). The September 6, 2019 deadline to file a dismissal or updated status report remains in effect.

**IT IS SO ORDERED.**

Dated: August 5, 2019

THOMAS S. HIXSON
United States Magistrate Judge